IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-00352-F

| | | |
|---|---|---|
| TRAMILLA CARPENTER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID SEAGROVES; OFFICER SNYDER; and | ) | |
| CITY OF WILSON POLICE DEPARTMENT, | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion to Dismiss [DE-12] filed by Defendants David Seagroves, Officer Snider[1], and the City of Wilson Police Department. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, Defendants' Motion to Dismiss is ALLOWED in part and DENIED in part.

## STATEMENT OF THE CASE

On June 17, 2014, Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. In an order [DE-3] entered June 30, 2014, United States Magistrate Judge Robert B. Jones, Jr. allowed Plaintiff's motion to proceed *in forma pauperis*. Judge Jones directed the Clerk of Court to file Plaintiff's complaint [DE-4] and issue the summons prepared by Plaintiff. Judge Jones also directed the United States Marshal to serve the summons and a copy of the complaint on Defendants.

Defendants filed the instant Motion to Dismiss [DE-12] on July 29, 2014. Plaintiff responded by filing an "Answer" [DE-15] in opposition.

## STATEMENT OF THE FACTS

---

[1] According to Defendants, Officer "Snyder" is actually Officer "Snider."

The facts, as alleged by Plaintiff in her complaint, are as follows: On June 17, 2011, Plaintiff was in a car following a vehicle driven by her cousin, Charnette Carpenter. Compl. [DE-4] at 2-3. Plaintiff was pulled over by Officer Seagroves, an officer with the City of Wilson Police Department. *Id.* at 2. Officer Seagroves "snatched" Plaintiff by the arm and pulled her out the door of the vehicle. *Id.* at 2-3. Officer Seagroves threw Plaintiff against the side panel, twisted her left arm behind her back, and handcuffed her. *Id.* at 3. The following exchange took place between Officer Seagroves and Plaintiff:

> Plaintiff: "What did I do?"
>
> Officer Seagroves: "I'm taking your black ass to jail[.]"
>
> Plaintiff: "Sir, for what? I didn't do anything[.]"
>
> Officer Seagroves: "Shut your damn mouth!"
>
> Plaintiff: "Sir, could you please tell me what I did?"
>
> Officer Seagroves: "Shut your damn mouth?"

*Id.*

Charnette Carpenter and the passengers in her car, Lateisha Carpenter and Lashonda Carpenter, were witnesses to Officer Seagroves' assault on Plaintiff. *Id.* Charnette Carpenter and Lateisha Carpenter stepped out of the vehicle they were in and walked toward Plaintiff's vehicle. Compl. at 3. Officer Seagroves shouted at Lateisha Carpenter for her to get back in the car. *Id.* Officer Seagroves then pulled out a taser and threatened Lateisha Carpenter. *Id.* Plaintiff pleaded with Officer Seagroves not to use the taser on Lateisha Carpenter because Lateisha is really sick. *Id.* Seagroves turned to Plaintiff and said, "I don't give a damn how sick she is." *Id.* Plaintiff continued to plead with Officer Seagroves not to use the taser on Lateisha

2

Carpenter. *Id.*

Officer Seagroves took Plaintiff and placed her in the front seat of his cruiser. Compl. at 4. Officer Seagroves then began to question Plaintiff about where she was going. *Id.* Officer Seagroves placed Plaintiff in the backseat of his cruiser and headed downtown. *Id.*

As Officer Seagroves was driving downtown, he drove to Pickett Street. *Id.* Officer Seagroves advised Plaintiff that Pickett Street is where he began following her. *Id.* Plaintiff told Officer Seagroves that she had not been to Pickett Street that day. *Id.* Officer Seagroves called her a "damn liar." Compl. at 4. Officer Seagroves turned his car around and started counting the stop signs that Plaintiff had run through. *Id.* Officer Seagroves informed Plaintiff that he began following her that day because she was running stop signs. *Id.*

Officer Seagroves and Officer Snider, another officer with the City of Wilson Police Department, drove Plaintiff to the scene where some youth were fighting. *Id.* Officers Seagroves and Snider got out of their car and went to the fight. *Id.* Plaintiff was left in the cruiser. *Id.* Plaintiff inquired why she was being left in the car in an area where people were fighting and may have weapons. Compl. at 4. Officer Seagroves responded, "Shut your damn mouth. Nobody is going to bother you!" *Id.* Officers Seagroves and Snider returned to the cruiser after about fifteen to twenty minutes and advised Plaintiff they were headed downtown to the Magistrate's office. *Id.*

When they reached the Magistrate's office, Officer Seagroves loosened Plaintiff's handcuffs because she had complained they were too tight. *Id.* As he was taking Plaintiff into the Magistrate's office, Officer Seagroves instructed Officer Snider to write a ticket for reckless driving. *Id.* at 4-5. Plaintiff was charged with reckless driving and released. Compl. at 5.

3

On February 22, 2012, Plaintiff was tried in Wilson County District Court. *Id.* Officers Seagroves and Snider both testified for the prosecution. *Id.* Plaintiff was found not guilty. *Id.* The judge was apparently alarmed at the inconsistencies in the testimony provided by Officers Seagroves and Snider and demanded that they see him afterwards. *Id.*

Plaintiff alleges that Officers Seagroves and Snider conspired to charge her with reckless driving and manufactured a reason to arrest her. *Id.* at 2, 6. Plaintiff was forced to hire legal representation to clear her name. Compl. at 6.

Following the June 17, 2011 incident where Plaintiff was assaulted by Officer Seagroves, Plaintiff now suffers from neck pain, as well as pain in her left shoulder, arm, wrist, and leg. *Id.* at 5. Plaintiff is in constant pain and has to take medicine daily and receive therapy on a regular basis to maintain a bearable pain level. *Id.*

## DISCUSSION

Defendants seek dismissal of Plaintiff's complaint with prejudice pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, and qualified and governmental immunity.

### A. Standards of Review

#### 1. Rule 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant can challenge the court's personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A challenge under Rule 12(b)(2) raises a jurisdictional question for the judge, and the plaintiff bears the burden of proving the court's jurisdiction over each defendant by a preponderance of the evidence. *Mylan Labs., Inc. v.*

*Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). When the court determines personal jurisdiction on the basis only of motion papers, supporting legal memoranda, and the relevant allegations of the complaint, the burden on the plaintiff is simply to make a prima facie showing sufficient to survive the jurisdictional challenge. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989)). The court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676.

### 2. Rule 12(b)(5)

A court may dismiss an action for insufficient process of service pursuant to Federal Rule of Civil Procedure 12(b)(5). If service is contested, the plaintiff "bears the burden of establishing its validity" under Rule 4 of the Federal Rules of Civil Procedure. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D.Md. 2006). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984). Even so, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.*

### 3. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir.1999). In considering a motion to dismiss, the court "assume[s] the truth of all facts alleged

in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555. Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

**B. Analysis**

**1. The City of Wilson Police Department is not an entity capable of being sued under § 1983.**

Title 42 of United States Code, Section 1983 allows a plaintiff to sue a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." To be amenable to suit under § 1983, the defendant must be a "person" within the meaning of the statute. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate").

The capacity of a governmental body to be sued in federal court is governed by the law of

6

the state in which the federal court is located. Fed. R. Civ. P. 17(b)(3); *Avery v. Burke Cnty.*, 660 F.2d 111, 113-14 (4th Cir. 1981). Under North Carolina law, police departments are not an independent legal entity with the capacity to sue or be sued. *See Moore v. City of Asheville, NC*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003).

In this case, Plaintiff is seeking to sue the City of Wilson Police Department, a municipal police department located in North Carolina. Under State law, the City of Wilson Police Department is not a legal entity capable of being sued, and as such, it is not a "person" within the meaning of § 1983. Accordingly, the City of Wilson Police Department will be DISMISSED as a defendant from this action.

**2. Plaintiff has failed to state a claim against the City of Wilson Police Department.**

Plaintiff's complaint must also be dismissed under Rule 12(b)(6) as to the City of Wilson Police Department because no claims are stated. The City of Wilson Police Department cannot be held vicariously liable for the actions of Officers Seagroves and Snider because there is no respondeat superior liability under § 1983. *Monell*, 436 U.S. at 691; *see Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

Plaintiff has alleged no facts against the City of Wilson Police Department, other than the statement that Officers Seagroves and Snider were employed as police officers with the City of Wilson Police Department at the time of the June 17, 2011 incident. This is not sufficient to state a claim under § 1983. Consequently, the City of Wilson Police Department cannot be held liable.

**3. Plaintiff has stated a claim against Officer Seagroves but has not stated a claim against Officer Snider.**

Plaintiff's complaint is purportedly brought pursuant to 42 U.S.C. §§ 1983, 1985.[2] In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). With regard to Plaintiff's latter claim, the Fourth Circuit has stated the elements of a § 1985(3) conspiracy are as follows:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).

### a. Officer Seagroves

In her complaint, Plaintiff makes the conclusory allegation that Officers Snider and Seagroves conspired together to charge her with reckless driving and manufactured a reason to arrest her. Compl. at 2, 6. Plaintiff also alleges that Officer Seagroves "snatched" her by the arm and pulled her out the door of the vehicle. *Id.* at 2-3. Plaintiff further alleges that Officer Seagroves threw her against the side panel, twisted her left arm behind her back, and handcuffed her. *Id.* Finally, Plaintiff alleges that following the assault by Officer Seagroves, she now suffers from neck pain, as well as pain in her left shoulder, arm, wrist, and leg. *Id.* at 5.

Plaintiff's bare allegation that Officers Snider and Seagroves conspired together to charge her with reckless driving and manufactured a reason to arrest her fails to state a claim because it

---

[2]Plaintiff does not specifically state which section of § 1985 is applicable to her case, but it appears she is proceeding under § 1985(3).

is the sort of barebones assertion that is precisely the sort of "conclusory allegation[ ] unsupported by concrete facts" that the Fourth Circuit has repeatedly rejected. *A Society Without A Name (ASWAN) v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). In *ASWAN*, the Fourth Circuit noted, "'[W]e have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.'" *Id.* at 346 (alteration in original) (quoting Simmons, 47 F.3d at 1377).

With respect to Plaintiff's claim that Officer Seagroves assaulted her, the Fourth Amendment governs claims of excessive force "in the course of making an arrest, investigatory stop, or other 'seizure' of [a] person." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Fourth Amendment claims of excessive force are evaluated under an "objective reasonableness" standard. *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011). The reasonableness standard requires the court to weigh "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the governmental interests prompting the intrusion. *Abney v. Coe*, 493 F.3d 412, 415 (4th Cir. 2007) (quoting *Graham*, 490 U.S. at 396).

The court finds that Plaintiff has failed to state a conspiracy claim under § 1985(3). However, Plaintiff's allegations could support the conclusion that the force used on her was excessive, and therefore she has stated a claim under § 1983. Accordingly, the Motion to Dismiss Officer Seagroves for failure to state a claim must be DENIED.

### b. Officer Snider

There are only two allegations against Officer Snider in the complaint. Initially, Plaintiff alleges that Officers Snider and Seagroves left her in the cruiser for fifteen to twenty minutes while they went to a fight. Compl. at 4. Next, Plaintiff makes the conclusory allegation that

9

Officer Snider conspired with Officer Seagroves to charge her with reckless driving and manufactured a reason to arrest her. *Id.* at 2, 6.

The court concludes that the initial allegation is insufficient to state a claim against Officer Snider. As for the second allegation, the court finds that the conclusory manner in which Plaintiff has alleged a conspiracy under § 1985(3) must fail. Therefore, Defendant's Motion to Dismiss for failure to state a claim against Officer Snider is ALLOWED.

### 4. Service of process on Officers Seagroves was not deficient.

Rule 4(e) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served in a judicial district of the United States" by "following the state law for serving a summons in an action," personally delivering a copy of the summons and complaint to the individual, leaving a copy at the individual's "dwelling or usual place of abode," or delivering a copy to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). In North Carolina, service can be done by any of the methods provided for in Rule 4(e). N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a)-(b). Also, a plaintiff may deliver the documents to a defendant's place of employment. *Edwards v. Peirce*, No. 5:13-CT-3184-FL, 2014 WL 4384039, at *3 (E.D.N.C. Sept. 3, 2014); *Moore v. Cox*, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); *Waller v. Butkovich*, 584 F. Supp. 909, 926 (M.D.N.C. 1984).

In this case, the record reflects that service was purportedly effected on July 11, 2014 on Officer Seagroves by a U.S. Marshal directed to "David Seagroves" at "City of Wilson Police Department, 120 N. Goldsboro St., Wilson, NC 27894." *See* Executed Summons [DE-8] at 1-2. Because a plaintiff may deliver the documents to a defendant's place of employment, and there is no claim that the City of Wilson Police Department was not Officer Seagroves' employer, the

10

court finds that the process was not deficient.

**5. Officer Seagroves is not entitled to dismissal based on the defense of qualified immunity.**

Qualified immunity provides government officials with immunity from suit for money damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known ." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis proceeds in two steps: (1) whether the facts make out a violation of a constitutional right; and (2) "whether the right was 'clearly established' . . . in light of the specific context of the case." *Scott v. Harris*, 550 U.S. 372, 377 (2007) (internal quotation marks omitted).

As noted above, Plaintiff has adequately alleged a constitutional claim of excessive force against Officer Seagroves. Consequently, Defendants' Motion to Dismiss Officer Seagroves based upon qualified immunity will be denied at this time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [DE-12] is ALLOWED in part and DENIED in part. Defendants' Motion to Dismiss is ALLOWED to the extent that the claims against the City of Wilson Police Department and Officer Snider are DISMISSED. Defendants' Motion to Dismiss is DENIED to the extent that Plaintiff will be allowed to proceed with her § 1983 excessive force claim against Officer Seagroves.

SO ORDERED.

This, the 2nd day of February, 2015.

JAMES C. FOX
Senior United States District Judge

11