IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-352-F

| | |
|---|---|
| TRAMILLA CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| DAVID SEAGROVES, OFFICER SNYDER, ) | |
| CITY OF WILSON POLICE DEPARTMENT, ) | |
| and CITY OF WILSON, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a Motion to Dismiss Defendant Seagroves in his Individual Capacity [DE-32], and on a Motion to Dismiss [DE-34] filed by Defendant City of Wilson. For the reasons stated herein, Seagroves's Motion to Dismiss Defendant Seagroves in his Individual Capacity [DE-32] is DENIED, and the City of Wilson's Motion to Dismiss [DE-34] is ALLOWED.

**I.    PROCEDURAL AND FACTUAL HISTORY**

On June 17, 2014, Plaintiff Tramilla Carpenter filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. In an order [DE-3] entered June 30, 2014, United States Magistrate Judge Robert B. Jones, Jr., allowed the plaintiff's motion to proceed *in forma pauperis*.

The defendants moved to dismiss the original complaint on July 29, 2014. *See* Mot. Dismiss [DE-12]. In its Order of February 2, 2015 [DE-16], the court dismissed every claim against Defendant Snyder, Defendant Seagroves, and Defendant City of Wilson Police

Department except for an excessive force claim against Defendant Seagroves. Officer Snyder and the City of Wilson Police Department were dismissed as parties to the action. *See id.*

On April 15, 2015, the court allowed the plaintiff to amend her complaint. *See* Order of April 15, 2015 [DE-23]. The plaintiff filed her Amended Complaint [DE-28] on May 1, 2015.

The court previously addressed the facts of this case in great detail. *See* Order of February 2, 2015 [DE-16]. While the plaintiff has since filed an Amended Complaint [DE-28], the facts of the Amended Complaint are identical to the original complaint. *Compare* Am. Compl. [DE-28] *with* Compl. [DE-1-1]. The only possible change to the plaintiff's allegations is found in the plaintiff's Brief in Support of Amended Complaint [DE-29], which the court construes as the actual amendment to the complaint. The plaintiff makes only a single allegation in that brief relevant to the present motions: that the City of Wilson Police Department, as an agency of the City of Wilson, bears responsibility for the defendant's actions. *See id.* at 2.

Defendant Seagroves has filed a new motion to dismiss, asking the court to dismiss the plaintiff's excessive force claim against him in his official capacity. Defendant City of Wilson moves for dismissal based on (1) lack of jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure; (2) insufficient process and service of process under Rules 12(b)(4) and (5); and (3) failure to state a claim under Rule 12(b)(6) based on a statute of limitations argument.

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94

2

(2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'ground' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (second alteration in original). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180. The court may consider "documents incorporated into the complaint by reference" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

#### A. Defendant Seagroves's Motion to Dismiss

Defendant Seagroves has moved to dismiss Carpenter's excessive force claim against him in his personal capacity. The Supreme Court has very clearly established the difference between personal- and official-capacity suits. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[O]fficial capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *See id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). In other words, a suit brought against a police officer in his official capacity is the same as a suit brought against the police department. *See id.* Because of this, a plaintiff suing a police officer in his official capacity must show that a police department policy or custom played a role in the alleged violation of the plaintiff's rights. *See id.*

3

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* Therefore, to establish liability against an officer in his individual capacity, a plaintiff must show that the officer deprived a federal right while acting under color of state law. *See id.* Ironically, this is exactly what Defendant Seagroves states that the plaintiff is attempting to show: that he was acting "while engaged in law enforcement business," "as a law enforcement officer," and "under the 'authority or color of state law.'" *See* Mem. Supp. Mot. Dismiss [DE-33] at 6. Seagroves makes no other argument as to why the individual capacity excessive force claim against him should be dismissed.[1]

The cases cited by Seagroves in support of his argument all miss the mark. Those cases show that an officer must be acting "under color of law" in order for suit to be brought under § 1983. *See, e.g.*, *Bonsignore v. City of New York*, 683 F.2d 635, 638-39 (2d Cir. 1982) (affirming dismissal of the plaintiff's § 1983 claim because the offending police officer was not acting under color of law). They do not distinguish between personal- and official-capacity claims. Otherwise, as discussed above, an officer *must* in fact be acting under color of law for § 1983 claims to be brought against him in his individual capacity. Because Seagroves essentially makes the plaintiff's argument against dismissal on her behalf as to why the individual capacity claim should survive, the Motion to Dismiss Defendant Seagroves in his Individual Capacity [DE-32] is DENIED.

### B. City of Wilson's Motion to Dismiss

The City of Wilson has moved to dismiss under several Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. The court has already reviewed the standard for a

---

[1] Seagroves has not moved to dismiss the excessive force claim against him in his official capacity.

4

motion to dismiss under Rule 12(b)(6) and now reviews the standards for Rules 12(b)(2), (4), and (5).

### i. Rule 12(b)(2)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Aikens v. Ingram*, 513 F. Supp. 2d 586, 593 (E.D.N.C. 2007). Where the plaintiff fails to serve summons and the amended complaint on a party and fails to show good cause for the failure, courts may exercise their discretion to dismiss the action against the unserved parties without prejudice. *See Aikens*, 513 F. Supp. 2d at 593; *see also* Fed. R. Civ. P. 4(m).

### ii. Rules 12(b)(4) and (5)

A court may dismiss an action for insufficient process of service pursuant to Federal Rule of Civil Procedure 12(b)(5). If service is contested, the plaintiff "bears the burden of establishing the validity" of service under Rule 4 of the Federal Rules of Civil Procedure. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Even so, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.*

### iii. The plaintiff's lack of service on Town of Wilson

The plaintiff admits that she failed to properly serve Defendant City of Wilson as of the date of the City of Wilson's motion to dismiss. Her justification is that she did not have a "correct bit of information stating that it was OK to serve new defendants with copies of the

5

amended complaint." *See* Answer Def.'s Mot. Dismiss [DE-37] at 2. She states that service was effected shortly thereafter on May 22, 2015. *See id.* As evidence, she attaches a certified mail receipt showing delivery to the Clerk, City of Wilson. *See* Exhibit 1 [DE-37-1]. While there is no evidence of what the certified mail contains, the City of Wilson has not contested this claim. If the Amended Complaint was indeed served on May 22, 2015, this would come well within the ninety-day period required by Rule 4(m). Therefore, without more information, the court cannot definitively conclude that the plaintiff failed to serve process on the City of Wilson.

### iv. Failure to State a Claim

Regardless of whether the plaintiff properly served the City of Wilson, she has failed to state a claim against the City of Wilson.[2] Her only allegation against the City of Wilson is that, "[t]o some extent the City of Wilson Police Department, which is an agency of the City of Wilson bears responsibility for defendant's actions against plaintiff." Br. Supp. Am. Compl. [DE-29] at 2. In the court's Order of February 2, 2015 [DE-16], the court dismissed the City of Wilson Police Department as a defendant. *See id.* at 6-7. As part of its holding, the court stated that the plaintiff alleged no facts against the City of Wilson Police Department, other than the statement that Officers Seagroves and Snider were employed as police officers with the City of Wilson Police Department at the time of the June 17, 2011 incident. The only additional allegation of the Amended Complaint is that the department is responsible for training its officers on how to act with the public. That additional allegation, without more, is not sufficient to state a claim under § 1983. Consequently, the City of Wilson Police Department cannot be held liable. If the City of Wilson Police Department cannot be held liable on those barren allegations, neither

---

[2] Because the court cannot definitively conclude that service of process was defective, the court does not consider the City of Wilson's statute of limitations argument.

can the City of Wilson. Accordingly, the City of Wilson's Motion to Dismiss [DE-34] is ALLOWED. The City of Wilson is DISMISSED as a party to this action.

## IV. CONCLUSION

For the foregoing reasons, Seagroves's Motion to Dismiss Defendant Seagroves in his Individual Capacity [DE-32] is DENIED, and the City of Wilson's Motion to Dismiss [DE-34] is ALLOWED. The City of Wilson is DISMISSED as a party to this action. The Clerk of Court is DIRECTED to continue management of this case.

SO ORDERED.

This, the 13 day of October, 2015.

JAMES C. FOX
Senior United States District Judge